**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OSHELANDA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| UNITED STATES OF AMERICA, d/b/a | ) | |
| UNITED STATES POSTAL SERVICE; | ) | |
| and, TAKITA BROWN, an Individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, OSHELANDA MITCHELL, by and through her attorneys, WHITESIDE & GOLDBERG, LTD., and complaining of Defendants, UNITED STATES OF AMERICA, d/b/a UNITED STATES POSTAL SERVICE (hereinafter "USPS"); and, TAKITA BROWN, an Individual, and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this complaint against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and common law claims under Illinois Law.

2.     This cause of action stems from injuries sustained by Plaintiff as the result of a motor vehicle collision with an employee of the USPS on August 19, 2017.

3.     Plaintiff has exhausted her claims by filing the required forms with the Department of the USPS National Tort Center and then later reaching an impasse during negotiations. *See* Ex. A (*Form 95 Administrative Complaint*.)

4.     On April 9th, 2020, Plaintiff and representatives for USPS reached an impasse in negotiations on the underlying claim.

5.    Plaintiff brings this complaint against the defendants pursuant common law claims under Illinois law, whose negligent conducts arises from this incident.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over this claim against the United States for money damages because Plaintiff asserts claims that arise under the laws of the United States, namely, the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), but also because this action is against the USPS which is an independent establishment under 39 U.S.C. § 201.

7.    This Court has supplemental jurisdiction over Plaintiff's state law claims against TAKITA BROWN pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal question claims that they form the same case or controversy.

8.    The acts or omissions giving rise to the claim occurred in Melrose Park, County of Cook, which is located in the Northern District of Illinois. Venue is therefore proper under 28 U.S.C. §§ 1391(b),(e) 1402(b).

## PARTIES

9.    The Plaintiff is Oshelanda Mitchell, who resides at 536 N. Avers, 2nd Floor, Chicago, IL 60624.

10.    The United States of America is sued for Ms. Mitchell's personal injuries caused by the negligent or wrongful acts or omission of its employees, the United States Postal Service, who owned, operated, and controlled, the subject vehicle that collided with the vehicle operated by Plaintiff.

11.    The United States Postal Service ("USPS") is a revenue generating establishment of the executive branch of the government of the United States.

12.    The Defendant, Takita Brown, resides at 2202 E. 97th Street, Chicago, Illinois 60617, and is an employee of the United States Postal Service.

**COUNT I- NEGLIGENCE**
**OSHELANDA MITCHELL v. UNITED STATES OF AMERICA**

13.     That at all times mentioned herein, the Plaintiff, OSHELANDA MITCHELL, was a resident of Cook County, State of Illinois.

14.     On August 19, 2017, Plaintiff was operating her motor vehicle in a westerly direction on or about North Avenue prior to its intersection with 25th Street, in the City of Melrose Park, County of Cook, State of Illinois.

15.     At said time and place, Defendant USPS, by and through its authorized agents, servants and/or employees, owned, operated, managed, controlled and maintained a motor vehicle which it was then and there driving behind Plaintiff in a westerly direction on or about North Avenue prior to its intersection with 25th Street, in the City of Melrose Park, County of Cook, State of Illinois.

16.     It was then and there the duty of the Defendant USPS, by and through its authorized agents, servants and/or employees, to exercise reasonable care in the operation, maintenance, and control of the motor vehicle, to not cause it to injure Plaintiff, Plaintiff's passengers, or cause damage to Plaintiff's vehicle.

17.     At said time and place, Defendant USPS, by and through its authorized agents, servants and/or employees, drove its motor vehicle so as to cause it to collide with the rear of the motor vehicle operated by Plaintiff.

18.     That the Defendant USPS, by and through its authorized agents, servants and/or employees, was then and there guilty of one or more of the following negligent acts or omissions:

        a.     Failed to keep a proper and sufficient lookout;

        b.     Failed to maintain a sufficient following distance;

        c.     Proceeded at a rate of speed that was greater than was reasonable and proper with regard to the traffic conditions and the use of the roadway, or which

            endangered the safety of persons or property;

d.        Proceeded at a rate of speed that was greater than was reasonable and proper with regard to the traffic conditions and the use of the roadway, or which endangered the safety of persons or property, contrary to and in violation of the provisions of 625 ILCS 5/11-601;

e.        Operated its motor vehicle without regard for other vehicles rightfully and lawfully along the way, contrary to the laws as made and provided;

f.        Operated said motor vehicle so that it failed to yield, stop and/or slow its vehicle to avoid striking the vehicle the Plaintiff was operating;

g.        Operated said motor vehicle so that it failed to yield, stop and/or slow its vehicle to avoid striking the vehicle the Plaintiff was operating; in violation of the provisions of 625 ILCS 5/11-901;

h.        Failed to stop its motor vehicle in time to avoid said collision although the driver thereof saw or should have seen that it was impending and had ample time and opportunity to avoid it;

i.        Failed to decrease the speed of said vehicle so as to avoid colliding with the Plaintiff;

j.        Failed to decrease the speed of said vehicle so as to avoid colliding with the Plaintiff contrary to the laws and in violation of the provisions of 625 ILCS 5/11-601;

k.        Failed to have said motor vehicle equipped with proper and sufficient brakes, contrary to and in violation of the provisions of 625 ILCS 5/12-301 or, in the alternative, if such brakes were adequate, failed to apply the brakes in a proper manner so as to avoid the collision in question;

l.        Failed to give audible warning of the approach of said motor vehicle with

the horn thereof;

m.      Failed to give audible warning of the approach of said motor vehicle with the horn thereof, although such warning was reasonably necessary to ensure safe operation of said vehicle in violation of 625 ILCS 5/12-601(a) and 5/11-1003.1; and,

n.      Was otherwise careless and negligent in the operation and control of the motor vehicle.

19.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions of the Defendant USPS, by and through its authorized agents, servants and/or employees, the Plaintiff, OSHELANDA MITCHELL, sustained injuries of personal, pecuniary and permanent nature and was physically injured, suffered pain, shock, anguish and has suffered and will in the future suffer great physical pain, discomfort, impairment and disability, all of which injuries are permanent; and the Plaintiff has been and will be prevented from attending to her ordinary affairs and duties; and has become liable for or expended sums of money for medical care and attention.

WHEREFORE, the Plaintiff, OSHELANDA MITCHELL, respectfully requests that this Honorable Court enter judgment against Defendant, the UNITED STATES OF AMERICA and award compensatory damages in the amount of FIVE HUNDRED AND TEN THOUSAND DOLLARS ($510,000.00) plus costs, and for any other compensation this Court deems necessary and just.

**COUNT II- NEGLIGENCE**
**OSHELANDA MITCHELL v. TAKITA BROWN**

20.     That at all times mentioned herein, the Plaintiff, OSHELANDA MITCHELL, was a resident of Cook County, State of Illinois.

21.     On August 19, 2017, Plaintiff was operating her motor vehicle in a westerly direction on or about North Avenue prior to its intersection with 25th Street, in the City of Melrose Park, County of Cook, State of Illinois.

22.     At said time and place, Defendant TAKITA BROWN, owned, operated, managed, controlled and maintained a motor vehicle which it was then and there driving behind Plaintiff in a westerly direction on or about North Avenue prior to its intersection with 25th Street, in the City of Melrose Park, County of Cook, State of Illinois.

23.     It  was then and there the duty of the Defendant TAKITA BROWN, to exercise reasonable care in the operation, maintenance, and control of the motor vehicle, to not cause it to injure Plaintiff, Plaintiff's passengers, or cause damage to Plaintiff's vehicle.

24.     At said time and place, Defendant TAKITA BROWN, drove its motor vehicle so as to cause it to collide with the rear of the motor vehicle operated by Plaintiff.

25.     That the Defendant TAKITA BROWN, was then and there guilty of one or more of the following negligent acts or omissions:

   a.     Failed to keep a proper and sufficient lookout;

   b.     Failed to maintain a sufficient following distance;

   c.     Proceeded at a rate of speed that was greater than was reasonable and proper with regard to the traffic conditions and the use of the roadway, or which endangered the safety of persons or property;

   d.     Proceeded at a rate of speed that was greater than was reasonable and proper with regard to the traffic conditions and the use of the roadway, or which endangered the safety of persons or property, contrary to and in violation of the provisions of 625 ILCS 5/11-601;

   e.     Operated her motor vehicle without regard for other vehicles rightfully and lawfully along the way, contrary to the laws as made and provided;

f.     Operated said motor vehicle so that she failed to yield, stop and/or slow her vehicle to avoid striking the vehicle the Plaintiff was operating;

g.     Operated said motor vehicle so that she failed to yield, stop and/or slow her vehicle to avoid striking the vehicle the Plaintiff was operating; in violation of the provisions of 625 ILCS 5/11-901;

h.     Failed to stop her motor vehicle in time to avoid said collision although the driver thereof saw or should have seen that it was impending and had ample time and opportunity to avoid it;

i.     Failed to decrease the speed of said vehicle so as to avoid colliding with the Plaintiff;

j.     Failed to decrease the speed of said vehicle so as to avoid colliding with the Plaintiff contrary to the laws and in violation of the provisions of 625 ILCS 5/11-601;

k.     Failed to have said motor vehicle equipped with proper and sufficient brakes, contrary to and in violation of the provisions of 625 ILCS 5/12-301 or, in the alternative, if such brakes were adequate, failed to apply the brakes in a proper manner so as to avoid the collision in question;

l.     Failed to give audible warning of the approach of said motor vehicle with the horn thereof;

m.    Failed to give audible warning of the approach of said motor vehicle with the horn thereof, although such warning was reasonably necessary to ensure safe operation of said vehicle in violation of 625 ILCS 5/12-601(a) and 5/11-1003.1; and,

n.     Was otherwise careless and negligent in the operation and control of the motor vehicle.

26.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions of the Defendant TAKITA BROWN, the Plaintiff, OSHELANDA MITCHELL, sustained injuries of personal, pecuniary and permanent nature and was physically injured, suffered pain, shock, anguish and has suffered and will in the future suffer great physical pain, discomfort, impairment and disability, all of which injuries are permanent; and the Plaintiff has been and will be prevented from attending to her ordinary affairs and duties; and has become liable for or expended sums of money for medical care and attention.

WHEREFORE, the Plaintiff, OSHELANDA MITCHELL, respectfully requests that this Honorable Court enter judgment against Defendant, TAKITA BROWN, and award compensatory damages in the amount of FIVE HUNDRED AND TEN THOUSAND DOLLARS ($510,000.00) plus costs, and for any other compensation this Court deems necessary and just.

Respectfully submitted,

WHITESIDE & GOLDBERG, LTD.

By:     /s/ David H. Latarski
        David H. Latarski
        One of the Attorneys for Plaintiff

WHITESIDE & GOLDBERG, LTD.
155 N. Michigan, Suite 540
Chicago, IL 60601
Phone – 312-334-6875
Fax – 800-334-6034